**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE FARM FIRE AND CASUALTY, COMPANY,

Plaintiff,

-against-

ISAIAH LYNCH; CYNTHIA McGRATH, INDIVIDUALLY AND AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF MEGAN WRIGHT, DECEASED, AND AS GENERAL ADMINISTRATRIX OF THE ESTATE OF MEGAN K. WRIGHT, DECEASED; DOMINICAN COLLEGE OF BLAUVELT, NEW YORK; SISTER MARY EILEEN O'BRIEN, INDIVIDUALLY AND AS PRESIDENT OF DOMINICAN COLLEGE; JOHN LENNON, INDIVIDUALLY AND AS DIRECTOR OF SECURITY OF DOMINICAN COLLEGE; JOHN PRESCOTT, INDIVIDUALLY AND AS DEAN OF STUDENTS OF DOMINICAN COLLEGE; CARLYLE HICKS, INDIVIDUALLY AND AS DIRECTOR OF RESIDENT LIFE OF DOMINICAN COLLEGE; RICHARD FEGINS, JR; KENNETH A. THORNE, JR. and TERRELL E. HILL,

Defendants

**Civil Action No.: 08-CV-5249**

**ANSWER**

Defendants, DOMINICAN COLLEGE OF BLAUVELT, NEW YORK; SISTER MARY EILEEN O'BRIEN, INDIVIDUALLY AND AS PRESIDENT OF DOMINICAN COLLEGE; JOHN LENNON, INDIVIDUALLY AND AS DIRECTOR OF SECURITY OF DOMINICAN COLLEGE; JOHN PRESCOTT, INDIVIDUALLY AND AS DEAN OF STUDENTS OF DOMINICAN COLLEGE; CARLYLE HICKS, INDIVIDUALLY AND AS DIRECTOR OF RESIDENT LIFE OF DOMINICAN COLLEGE (hereinafter "Dominican College Defendants"), by its attorneys Biedermann, Reif, Hoenig, & Ruff, P.C., as and for its Answer to the Complaint, alleges as follows:

## I. JURISDICTION AND VENUE

First: Defendants deny each and every allegation contained in paragraph "1" insofar as they contain conclusions of law, which defendants respectfully refers to the Court for determination.

Second: Defendants respectfully refer to the Court for determination of the allegation in paragraph "2".

## II. THE PARTIES

Third: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraphs "3", "5" and "12", of the Complaint.

Fourth: Defendants admit that Isaiah Lynch was a former student of Dominican College, and further answering, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph "4"of the Complaint.

Fifth: Defendants admit the allegations set forth in paragraphs "6", "7", "8", "9", and "10", of the Complaint.

Sixth: Defendants admit Richard Fegins, Jr. is a former student of Dominican College, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "11" of the Complaint.

Seventh: Defendants admit Terrell E. Hill is a former student of Dominican College and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "13" of the Complaint

## III. THE POLICY

Eighth: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "14" of the Complaint.

## IV. FACTUAL BACKGROUND

Ninth: Defendants admit the allegations set forth in paragraphs "15" and "16" of the Complaint.

Tenth: Answering the allegations contained in paragraphs "17", "18" and "19" of the Complaint, these answering Defendants refer Plaintiff and the court to the Amended

Complaint for its specific allegations.

Eleventh: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "20" of the Complaint.

**V. NATURE OF THE ACCIDENT**

Twelfth: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraphs "21", "22", "23" and "24" of the Complaint.

**FIRST COUNT**

Thirteenth: In response to paragraph "25" of the plaintiffs' Complaint, Answering Defendants repeat, reiterate and reallege each and every response set forth in paragraphs "First" through "Twelfth" of this Answer with the same force and effect as if set forth fully at length herein.

Fourteenth: Defendants deny the allegation in paragraphs "26", "27", "28" and "29" of the Complaint, and further refers all questions of law to the Court.

**SECOND COUNT**

Fifteenth: In response to paragraph "30" of the plaintiffs' Complaint, Answering Defendants repeat, reiterate and reallege each and every response set forth in paragraphs "First" through "Fourteenth" of this of this Answer with the same force and effect as if set forth fully at length herein.

Sixteenth: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "31" of the Complaint and further refers all questions of law to the Court.

Seventeenth: Defendants deny each and every allegation contained in paragraph "32" insofar as they contain conclusions of law, which defendants respectfully refers to the Court for determination.

**THIRD COUNT**

Eighteenth: In response to paragraph "33" of the plaintiffs' Complaint, Answering Defendants repeat, reiterate and reallege each and every response set forth in paragraphs "First" through "Seventeenth" of this of this Answer with the same force and effect as if set forth fully at length herein.

Nineteenth: To the extent the allegation concerns these answering defendants, Defendants admit the allegations set forth in paragraph "34" of the Complaint.

**AFFIRMATIVE DEFENSES**

**AND AS FOR A FIRST AFFIRMATIVE DEFENSE**

1. The plaintiff's Complaint fails to state a claim or cause of action upon which relief may be granted.

**AND AS FOR A SECOND AFFIRMATIVE DEFENSE**

2. The plaintiff's Complaint fails to present a justiciable controversy.

**AND AS FOR A THIRD AFFIRMATIVE DEFENSE**

3. To the extent that the plaintiff claims that it is entitled to disclaim coverage, such claims are barred as a result of the failure by the plaintiff to provide timely and proper notice of disclaimer, reservation of rights, or to otherwise comply with the conditions set forth in the aforesaid policy.

**AND AS FOR A FOURTH AFFIRMATIVE DEFENSE**

4. This action is barred by Plaintiff's own failure to abide by the terms and conditions of the insurance policies and other relevant agreements.

**AND AS FOR A FIFTH AFFIRMATIVE DEFENSE**

5. That the provisions of the policy of insurance relied upon by the plaintiff as a

basis for its claims are void and unenforceable as a matter of public policy.

**AND AS FOR A SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, and/or other acts and/or omissions on the part of the plaintiff.

**AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE**

7. To the extent that the plaintiff claims that it is entitled to disclaim coverage available to defendants, such disclaimer is based upon the conduct of others not under the control of the Dominican College, and as such cannot operate to deprive said defendants of coverage under said policy of insurance.

**AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE**

8. That the plaintiff has waived any right to deny that its insurance policy covered the underlying lawsuit because it failed to timely and/or properly reserve rights and/or disclaim coverage.

**AND AS FOR A NINTH AFFIRMATIVE DEFENSE**

9. That the plaintiff is estopped from denying that its insurance policy covered the underlying lawsuit because it failed to timely and/or properly reserve rights and/or disclaim coverage.

**AND AS FOR A TENTH AFFIRMATIVE DEFENSE**

10. That the terms of the plaintiff's policy of insurance upon which its claims are based ambiguous, and all ambiguities should be resolved against the plaintiff and in favor of coverage.

**WHEREFORE**, Dominican College Defendants demands judgment dismissing the Complaint, along with the costs, disbursements, and fees associated with the defense of this

action.

Dated: New York, New York
July 23, 2008

Yours, etc.

BIEDERMANN, REIF, HOENIG & RUFF, P.C.

By___________________________________
Philip C. Semprevivo, Jr.(PS1526)
570 Lexington Avenue – 16th Floor
New York, New York 10022
(212) 697-6555
Attorneys for Defendants
Dominican College